JOHN M. FITZGERALD AND ANOTHER
v. HENRY J. MORLOCK.

120 N. W. (2d) 336.

January 10, 1963—No. 38,981.

*Robert M. Bowen,* for contestee.
*C. L. Nelson,* for contestant.

NELSON, JUSTICE.

At the general election held November 6, 1962, John M. Fitzgerald, contestant, and Henry J. Morlock, contestee, were candidates for the office of state representative from the 12th legislative district. The canvassing board of Scott County on November 14, 1962, declared the result of that election to be:

> Henry J. Morlock, 4,367 votes;
> John M. Fitzgerald, 4,353 votes.

Morlock was thus the apparent winner by a margin of 14 votes.

A notice of election contest was filed and served by Fitzgerald

on November 23, 1962. A recount of ballots was made and the action tried by the District Court of Scott County. On December 31, 1962, that court rendered its decision declaring Fitzgerald the winner by a margin of 12 votes. On the same day, pursuant to specific instructions in the foregoing order of the district court, the county auditor of Scott County issued a certificate of election to Fitzgerald for the contested office.

The contestee served notice of appeal from the decision of the district court on contestant January 4, 1963. On January 5, 1963, he also served on contestant an order to show cause issued out of this court, returnable Tuesday, January 8, 1963, which enjoined him from use of the certificate of election and required him to show cause why he should not be restrained from presenting it to the house of representatives or using it in any way until the determination of said appeal by this court. The order to show cause was also directed to the county auditor of Scott County.

On January 7, 1963, contestant served upon contestee notice that he would appear specially at the hearing on the order to show cause to question the jurisdiction of this court to grant the requested relief and to move that the order be quashed.

Pursuant to Minn. St. 200.02, subd. 24, the terms of all state and county officers shall begin as follows:

"The term of office of every state and county officer shall begin on the first Monday in January next succeeding his election, unless otherwise provided by law."

Contestant on his special appearance contends that the following legal issues are raised by the order to show cause: (1) Does this court have jurisdiction in an election contest for legislative office to restrain the use of a certificate of election issued pursuant to the order of the district court? (2) Is an order to show cause a proper method of obtaining such relief? (3) Does § 209.07 apply to legislative contests?

Minn. Const. art. 4, § 3, provides in part:

"Each house shall be the judge of the election returns and eligibility of its own members."

The legislature of this state, however, has seen fit to provide by statute how election contests involving legislative office may be determined by application to the courts of this state.

Minn. St. 209.07 relates to determination of election contests and provides:

"Upon a determination of the contest by the court, after the time for appeal has expired or in case of an appeal, after the final judicial determination of the contest, the official authorized to issue the certificate of election shall issue the certificate to the person entitled thereto; except that if a contestant succeeds in a contest where there is no question as to which of the candidates received the highest number of votes cast at the election, the contestant shall not, by reason of the disqualification of the contestee, be entitled to the certificate of election."

Section 209.09 provides for appeal to the supreme court "from the determination of the district court in any contest *instituted under this chapter*." (Italics supplied.)

Section 209.10 provides:

"When the contest relates to the office of state senator or representative, the only question to be tried by the court, notwithstanding any other provision of law, shall be the question as to which of the parties to the contest received the highest number of votes legally cast at the election, and as to who is entitled to receive the certificate of election. The judge trying the proceedings shall make findings of fact and conclusions of law upon the question so tried. Further evidence upon the points specified in the notices * * * shall be taken and preserved by the judge trying the contest, * * * but the judge shall make no finding or conclusion thereon. After the time for appeal has expired, or in case of an appeal, after the final judicial determination of the contest, *upon application of either of the parties to the contest,* the clerk of the district court shall transmit all the files and records of the proceedings with all the evidence taken to the presiding officer of the house by which the contest is to be tried." (Italics supplied.)

Under § 209.07 it is clear that where there has been a determina-

tion of an election contest by the district court and the time for appeal has expired, or in the case of an appeal, after final judicial determination, the official authorized to issue the certificate of election shall then, and not before, issue such certificate to the person entitled thereto. Under § 209.09 an appeal to this court is provided for all election contests instituted under c. 209, while § 209.10, which deals only with contests for legislative office, provides that the only question to be tried by the court in such contests, notwithstanding any other provision of law, shall be which of the parties to the contest received the highest number of votes legally cast at the election and which is entitled to receive the certificate of election; that the judge trying the proceedings shall make findings of fact and conclusions of law upon the question so tried; and that further evidence upon the points specified in the notices shall be taken and preserved, but the judge shall make no finding or conclusion thereon.

It will thus be seen that §§ 209.07, 209.09, and 209.10 are not in conflict for the reason that §§ 209.07 and 209.09 apply to election contests generally and § 209.10 applies only to contests over legislative offices, wherein the court is limited to deciding only questions relating to the number of votes received by the candidates and can only hear and record evidence to matters going to the conduct of the candidates and their agents.

Section 209.07 fixes the time when the official authorized to issue the election certificate may legally issue the certificate to the person entitled thereto. No stay is required since the issuing of the certificate of election follows either after the time for appeal has expired or, in case of appeal, after the final judicial determination of the contest.

The issuing of the certificate in the instant case was premature and this court upon the state of the record was justified in issuing its order restraining and enjoining the contestant from presenting the illegal certificate of election to the house of representatives or otherwise using it until a final judicial determination of the issues involved on this appeal may be had.

The parties to this proceeding have agreed and stipulated, before this court, not to present or use the election certificate involved herein until final determination on appeal.

MR. JUSTICE SHERAN, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.